**LARRY J. CALDWELL, SBN 88867**
**CALDWELL LAW FIRM**
Larry.caldwell@caldwellfirm.net
401 Wilshire Boulevard, Twelfth Floor
Santa Monica, CA 90401
Telephone: (310)689-9769

Attorneys for Plaintiff
Rudolph Zahler

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH ZAHLER, PKA RIZ STORY<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN HOWE; "YES," A BUSINESS ENTITY, CORPORATE FORM AND RESIDENCE UNKNOWN; JON DAVISON; SONY MUSIC ENTERTAINMENT, A DELAWARE GENRAL PARTNERSHIP | **CASE NO.: 2:24-cv-09818-AH-E**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES RE: SERVICE OF DEFEDNDANTS WHO RESIDE IN THE UNITED KINGDOM**<br><br>**[proposed] ORDER submitted** |

In support of his pending ex parte application, Plaintiff Rudolph Zahler submits this Memorandum of Points in response to the Court's request in its August 15, 2025, Order for further briefing. The Order was entered and notice of it emailed to Larry Caldwell, attorney for Mr. Zahler, on August 18, 2025. The Order requested the supplemental Memorandum within fourteen days, which Mr. Caldwell understood as running from August 18, 2025.

1. **THE LAW GOVERNING SERVICE BY MAIL ON A DEFENDANT IN THE UNITED KINGDOM**

The good news is that the Ninth Circuit has definitively decided this issue in *Ronald B. Brockmeyer Eromedia, Ltd. v. David C. May v. Marquis Publications, Ltd.,* 383 F.3d 798 (2004). In *Brockmeyer*, plaintiff had served defendants in the United Kingdom by international mail, without first obtaining court approval. The Court held that such service by mail, to be effective, must be preceded by an order authorizing such service by mail. This made the service invalid in *Brockmeyer*.

However, the Ninth Circuit took the opportunity to explain how service of a defendant in the United Kingdom can be effective. The Court said there are two issues to be decided – whether such means of service is authorized under the Hague Convention, and whether such mans of service is authorized under the Federal Rules of Civil Procedure.

On the first issue, the Ninth Circuit joined the Second Circuit in ruling that the Hague Convention permits service by mail in the United Kingdon, as the treaty does not prohibit service by mail, and the United Kingdon does not object to service by mail. *Brockmeyer*, *supra*, 383 F.3d at 808

On the second issue, the Ninth Circuit, the court held that Rule 4(f)(3) of the Federal Rules of Civil Procedure authorizes service by international mail, since service by such means is not objected to by the United Kingdom –provided that Plaintiff must seek an Order authorizing service by mail before serving a defendant in a foreign jurisdiction in this manner. *Brockmeyer*, *supra*, 383 F.3d at 805-806. The Court discussed Rule 4(f)(3) and the past precedent it relied on for this holding:

> Rule 4(f)(3) (previously Rule 4(i)(l)(E)) affirmatively authorizes the federal district court to direct any form of service that is not prohibited by an international agreement. It provides:
>
> (f) [S]ervice ... may be effected in a place not within any judicial district of the United States:

*(3) by other means not prohibited by international agreement as may be directed by the court.*

The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the "sound discretion of the district court." *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1016 (9th Cir.2002) (permitting service on a foreign corporation by regular mail and by e-mail, when authorized by the district court). The classic case is *Levin v. Ruby Trading Co.,* 248 F.Supp. 537 (S.D.N.Y.1965), in which the court authorized service abroad by ordinary mail under previous Rule 4(i)(l)(E), which was identical to current Rule 4(f)(3). In *Levin ,* the court contrasted Rule4(i)(l)(D) (now Rule 4(f)(2)(C)(ii)) with Rule 4(i)(l)(E), observing that Rule 4(i)(l)(D) "authorizes service by mail without court supervision, and it is for this reason that the double safeguard of mailing by the clerk of the court and a signed receipt was set up." *Id.* at 540. The court held that it could nonetheless authorize service by ordinary mail under Rule 4(i)(l)(E), because "the necessary safeguards are determined by the court[,] which to assure adequacy of notice, may 'tailor the manner of service to fit the necessities of a particular case....'" *Id.* (quoting Fed.R.Civ.P. 4(i)(l)(E) (1963) Advisory Committee Note). Other courts have widely accepted *Levin's* reasoning. *See, e.g., Rio* Props., 284 F.3d at 1016 (citing Levin); Int'l Controls Corp. v. Vesco, 593 F.2d 166, 175 n. 4 (2d Cir.1979) (same). Courts have authorized a variety of alternative methods of service abroad under current Rule 4(f)(3) and former Rule 4(i)(l)(E), including not only ordinary mail and e-mail but also publication and telex. Rio Props., 284 F.3d at 1016 (citing SEC v. Tome, 833 F.2d 1086 (/c/F.2d/833/1086/), 1094 (2d Cir.1987) (affirming district court's authorization of service of process by publication); Int'l Controls Corp., 593 F.2d at 176; Forum Fin. Group v. President, Harvard Coll., 199 F.R.D. 22, 23-24 (authorizing service by certified mail to defendant's attorney); Smith v. Islamic Emirate, 2001 WL 1658211, at *806 *2-*3 (S.D.N.Y. Dec.26, 2001) (authorizing service of process by publication on Osama bin Laden and al-Qaeda); Broadfoot v. Diaz (In re Int'l Telemedia Assoc.), 245 B.R. 713, 719-20 (Bankr.N.D.Ga.2000) (authorizing service via facsimile, ordinary mail, and email); Levin, 248 F.Supp. at 541-44 (S.D.N.Y.1965) (employing service by ordinary mail)).

*Brockmeyer*, *supra*, 383 F.3d at 805-806

The Ninth Circuit emphasized that before serving a foreign defendant by mail, Plaintiff must obtain an Order from the District court authorizing service in that manner. *Brockmeyer*, *supra*, 383 F.3d at 806.

On the other hand, in *Rio Properties, Inc. v. Rio Properties Interlink*, 284 F.3 1007, 1015-1016, the Ninth Circuit held that court-ordered service by mail under Rule 4(f)(3) is but one of several means of service, and a party is not required to have shown an inability to achieve service by another method as a prerequisite to obtaining authority to serve by mail under Rule 4(f)(3).

> [W]e disapprove of the statements in *Graval* which would require attempted service by all feasible alternatives before service under Rule 4(f)(3) is allowed. Instead, we hold that Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure, and we commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3).

The court further explained that

> Applying this proper construction of Rule 4(f)(3) and its predecessor, trial courts hae authorized a wide variety of alternative methods of service, including publication, ordinary mail, mail to the defendant's last known address, deliver to the defendant's attorney, telex, and most recently, email.

*Rio Properties, supra,* 284 F.3 at 1016.

The Court emphasized that the key issue in determining whether a method of service authorized by a District Court under Rule 4(f)(3) is proper is "whether the method of service is reasonably calculated to provide notice and an opportunity to respond."  *Rio Properties, supra,* 284 F.3 at 1017

**2. THE COURT SHOULD AUTHORIZE SERVICE ON DEFENDANT STEPHEN HOWE BY INTERNATIONAL MAIL, RETURN RECEIPT REQUESTED**

The Court should exercise its authority under Rule 4(f)(3) to issue an order authorizing Mr. Zahler to serve Defendant Stephen Howe by international mail, return receipt requested, addressed to him at his London address.   The "return receipt requested" mail service will ensure that Mr. Howe actually receives the Summons and Complaint.

Mr. Zahler is confident that the London address where personal service was attempted is in fact Mr. Zahler's residence.  As discussed in the Declaration of Larry J. Caldwell, Mr.

Zahler hired a reputable London-based private investigation company to locate Mr. Zahler. As discussed in Exhibit A to the Caldwell Declaration, as part of their location effort, the private investigator spoke hy telephone with Mr. Howe's wife, who confirmed that the London address is in fact Mr. Howe's address. When an agent returned to the London address to attempt personal service, the same woman advised that Mr. Howe was away, in his Devon home. Exhibit B.

Mr. Howe's Devon address was confirmed by the same private investigation service. Exhibit C.

### 3. THE COURT SHOULD AUTHORIZE SERVICE ON DEFENDANT JON DAVISON BY E-MAIL, OR BY INTERNATIONAL MAIL, RETURN RECEIPT REQUESTED

At this point, Mr. Zahler only has an e-mail address for Jon Davison, as he has been focused on getting Stephen Howe served.

Since e-mail is the media in which Mr. Davison has preferred to communicate with Mr. Zahler and Mr. Caldwell, and since the email address Mr. Davison normally uses is known to Mr. Zahler, Mr. Zahler requests an Order under Rule 4(f)(3) authorizing service of the Summons and Complaint on Mr. Davison by email.

In the alternative, Mr. Zahler also requests an Order under Rule 4(f)(3) authorizing service of the summons and complaint on Mr. Davison by international mail, return receipt requested. Mr. Zahler will hire the London private investigation company can locate a mailing address for Mr. Davison.

### 4. CONCLUSION

The proposed Order will afford due process and adequate notice of the lawsuit to Defendants Howe and Davison and will also permit this case to move forward, without burdening Mr. Zahler with further expenses to try to serve them by other means.

Mr. Zahler is submitting an amended proposed order to authorize service on Mr. Howe, and service by email or mail on Mr. Davison.

Dated: September 1, 2025                    /s Larry J. Caldwell
                                                           LARRY J. CALDWELL
                                                           Attorney for Plaintiff Rudolph Zahler

# DECLARATION OF LARRY J. CALDWELL

I, Larry J. Caldwell, declare:

1. I am an attorney licensed to practice law in California since 1979. I have personal knowledge of the following facts.

2. At my direction, my client hired a London-based private investigation company called CCS Nationwide to locate and serve Stephen Howe. They located a residential address for him in London, 27 Rookfield Ave, London N10 3TS. Attached as Exhibit A is a true and correct copy of CCS Nationwide's trace report regarding Mr. Howe. As the Court can see, the agent for CCS Nationwide spoke to Mr. Howe's wife by phone, who confirmed that he resides at the London address.

3. Attached as Exhibit B is CCS Nationwide's report on their unsuccessful first attempt to serve Mr. Hower at his London address. According to the report, the agent spoke to a woman at the address who again confirmed it is Mr. Howe's residence, although at the time, she reported that he was at his Devon address. The woman is believed to be Mr. Howe's wife.

4. I had known from my own previous attempt to locate Mr. Howe that he owned a second residence in Devon, England. I instructed CCS Nationwide to locate Mr. Howe's second residential address in Devon. They reported to me that they had found his address in Devon. Based on our experience with CCS Nationwide, I am confident that they did. Unfortunately, when they made two attempts to serve Mr. Howe at his Devon residence, no one was there. Attached as Exhibit C is a true and correct copy of CCS Nationwide's report on its attempts to personally serve Mr. Howe at his Devon home.

I declare under penalty of perjury, under the laws of the State of California, that I executed this Declaration on September 1, 2025, in Santa Monica, California.

/s Larry J. Caldwell

# EXHIBIT A

**Private and Confidential**

CCS Nationwide Ltd

Fairgate House
205 Kings Road
Tyseley
Birmingham
B11 2AA



| | |
|---|---|
| **Date:** | 10 Jul 2025 |
| **Our ref:** | T101589 |
| **Your ref:** | |

Tel: (+44) 121 449 3045
Fax: (+44) 121 442 5340
Email: info@ccsnationwide.co.uk
Website: www.ccsnationwide.com

   

**F.A.O.**   Rudolph Zahler

Rudolph Zahler
7100 hillside Ave 603
Los Angeles, CA

90046

## TRACE REPORT

*Please note this report is supplied for the sole use of the recipient only. All information relating to the report will be destroyed after a period of 28 days.*

**INFORMATION PROVIDED:**

**Name:**   Stephen James Howe

**Date of Birth:**   Not Supplied

**Last Known Address(es):**

**TRACE RESULT**

Under the Premium flash service, our enquiries demonstrate that your subject is currently resident at: -

27 Rookfield Ave
London
N10 3TS

**ADDITIONAL INFORMATION:**

( 0208 365 3155 )
We can confirm that the correct DOB for Stephen James Howe is 8/4/47 & he resides at the above address. Confirmed by speaking to his wife Janet Howe on the above number.

We have Agents available in the area should you require documents to be served or further enquiries to be made.

We hope that the above information is of assistance.

We would be grateful if you would please quote our references, as noted above, on all correspondence.

Yours sincerely,

CCS Nationwide Ltd

Company Registration No. 09636607
ICO No. ZA129788

*This report is only valid for 28 days. Any queries with the information provided must be raised within this timeframe. Issues raised thereafter cannot be accepted and any charges raised will not be refunded or credited.*

Company Registration No. 09636607
ICO No. ZA129788

# **EXHIBIT** B



**Info CCSNationwide** <info@ccsnationwide.co.uk>  Tue, Jul 15, 1:08 PM

to togethermentfilms@gmail.com, me, CCS, Info

Evening Both

Our agent has attended here at 7 30pm and met with an older lady who confirmed she was the partner of subject.

She then stated he is away in Devon at the moment and will be returning at the end of next month.

Please advise how you would like to proceed further?

Thanks,

Kind Regards

Christina Rigby
christina.rigby@ccsnationwide.co.uk
Fairgate House, 205 Kings Road, Tyseley, Birmingham, B11 2AA
0121 442 5332 | www.ccsnationwide.com

**Disclaimer:**
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions

presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

# EXHIBIT C

