Elliot Berke (pro hac vice pending)
eberke@berkefarah.com
**BERKE FARAH LLP**
701 8th St NW, Suite 620
Washington, DC 20001
Telephone: 703.843.5423

Matthew Swanlund (CSB No. 204542)
matthew@aestheticlegal.com
**Aesthetic Legal, A.P.L.C.**
400 Corporate Pointe, Suite 300
Culver City, CA  90230
Telephone: 310.301.4545

Attorneys for Defendant
Stephen Howe

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUDOLPH ZAHLER, PKA RIZ STORY<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN HOWE; "YES," A BUSINESS ENTITY, CORPORATE FORM AND RESIDENCE UNKNOWN; JON DAVISON; SONY MUSIC ENTERTAINMENT, A DELAWARE GENERAL PARTNERSHIP,<br><br>Defendants. | Case No.  2:24-cv-09818-AH-E<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Stephen Howe ("Howe"), by and through counsel, hereby responds to the Second Amended Complaint filed by Plaintiff Rudolph Zahler in this action on April 2, 2025 ("Complaint") (Docket No. 30).

This court granted with prejudice a Motion to Dismiss as to the second cause of action in the Complaint on May 12, 2025 (Docket No. 36). As a result, Plaintiff's Complaint contains one cause of action for copyright infringement.

**RESPONSE TO NUMBERED PARAGRAPHS**

1. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

2. Howe admits that he is an individual, a musician and songwriter, a member of the band YES, and is a resident of the United Kingdom.

3. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint.

4. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint.

5. Howe lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5 of the Complaint.

6. Howe denies all of the factual allegations of paragraph 6 of the Complaint. To the extent that this paragraph asserts legal conclusions, Howe denies them as unsupported by specific facts and contend they are not entitled to a presumption of truth.

7. Howe admits this Court has subject matter jurisdiction over the copyright claim under 28 U.S.C. §§ 1331 and 1338(a), denies it under § 1332 absent diversity facts, and denies it for the dismissed Lanham Act claim.

8. Howe denies that venue is proper under 28 U.S.C. § 1391(b), as the allegation that copyright infringement occurred in this District is a legal conclusion. Howe denies engaging in any copyright infringement.

9. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint.

10. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint. Howe lacks knowledge of any song entitled, "Reunion."

11. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint due to the fact that there is no document purporting to be a Copyright Registration attached as Exhibit 1 to the Complaint. Page 26 of 26 of the filed Complaint appears to contain a photograph of a Certificate of Registration for a motion picture work titled, "A Winter Rose" naming Riz Story as the author. However, Howe denies the truth, accuracy, validity, or scope of the registration, and Plaintiff's authorship or ownership, lacking sufficient knowledge to admit or deny these allegations and noting the discrepancy between the alleged number (PAu 3-759-238) and photograph (PAu 3-759-239). Further, there is no copyright registration for Plaintiff's alleged song "Reunion."

12. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint, and on that basis denies the same.

13. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint, and on that basis denies the same. Howe denies that the absence of such registration precludes authorization for any public performance of "Reunion," if any occurred, through other means.

14. Howe denies the allegations in paragraph 14 of the Complaint.

15. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint, and on that basis denies the same, due to the fact that there is no document attached as Exhibit 2 to the Complaint.

16. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint, and on that basis denies the same.

17. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint, and on that basis denies the same.

18. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint, and on that basis denies the same.

19. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning Mr. Davison, and on that basis denies the same. To the extent that this paragraph asserts legal conclusions, Howe denies them as unsupported by specific facts and contend they are not entitled to a presumption of truth. Howe admits that the unnumbered paragraph starting on line 3 of page 6 of the Complaint references a document from a purported musicologist named Ethan Lustig, and is attached to the Complaint as Exhibit 3. Howe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the contents of the "expert opinion" or "curriculum vitae," and therefore denies the same.

## **FIRST CAUSE OF ACTION**

20. Howe neither admits nor denies Plaintiff's allegations in paragraph 20 of the Complaint.

21. Howe denies Plaintiff's allegations in paragraph 21 of the Complaint. To the extent that paragraph 21 asserts legal conclusions, Howe denies them as unsupported by specific facts and contend they are not entitled to a presumption of truth.

## **SECOND CAUSE OF ACTION**

22. The second cause of action was dismissed by the court. Therefore, Howe shall not respond to any Plaintiff allegations in paragraph 22 or 23 of the Complaint.

## **FURTHER ANSWER AND AFFIRMATIVE DEFENSES**

By way of further Answer and as Affirmative Defenses, Howe denies that he is liable to Plaintiff on any of the claims alleged in the Complaint and denies that Plaintiff is entitled to any damages, equitable relief, attorneys' fees, costs, pre-judgment interest, or to any relief whatsoever, and state as follows:

### Failure to State a Claim

23. The First Cause of Action for copyright infringement fails to state a claim upon with relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

### De Minimis Use

24. Any alleged use of the "A Winter Rose" film by Howe is *de minimis*.

### Lack of Personal Jurisdiction

25. The Court lacks personal jurisdiction over Howe due to insufficient minimum contacts alleged with the Central District of California related to the factual pleadings in the Complaint.

### Improper Venue

26. Venue is improper under 28 U.S.C. § 1391(b), as the Complaint fails to plead infringing acts by Howe in this District.

### Fair Use

27. Any use, reproduction, distribution, public performance or creation of derivative works of "Reunion" by Howe constitutes fair use under 17 U.S.C. § 107.

### First Sale

28. Howe's distribution of "Reunion," if any, is protected by the first sale doctrine under 17 U.S.C. § 109(a), as it involved lawfully acquired copies.

### License or Authorization

29. Howe's use of "Reunion," if any, was authorized by a valid license, express or implied, or other permission.

### Statute of Limitations

30. The First Cause of Action is barred by the three-year statute of limitations under 17 U.S.C. § 507(b).

### No Infringement

31. Howe did not copy, perform, distribute, or otherwise infringe any protectable elements of "Reunion" because "Reunion" is not an original or creative work of Plaintiff.

### Lack of Originality

32. Plaintiff's "Reunion" lacks sufficient originality to warrant copyright protection because it is an arrangement of notes already created by numerous prior artists.

### Invalid Registration

33. Plaintiff's copyright registration for "Reunion" is invalid or does not cover the alleged infringement.

### Innocent Infringement

34. The First Cause of Action is barred, in whole or in part, because any infringement, if any, was innocent.

### Estoppel

35. Plaintiff is estopped from asserting infringement due to his conduct, representations, or delay in pursuing this claim.

### Laches

36. Plaintiff's unreasonable delay in filing the Complaint, after knowing or he should have known of his claim, has prejudiced Howe.

### Waiver

37. Plaintiff voluntarily and intentionally relinquished a known right, thus preventing the Plaintiff from pursuing their claim for the First Cause of Action.

**No Damage**

38. Without admitting that the Complaint states a claim, there has been no damage in any amount or manner by reason of any act alleged against Howe in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**Reservation**

39. Howe reserves the right to assert additional defenses as discovery reveals further facts or legal grounds.

## REQUEST FOR RELIEF

Wherefore, given Howe's above response to the Complaint, Howe respectfully requests that the Court grant Howe the following relief:

1. That the Complaint be dismissed with prejudice and judgment granted in Howe's favor;

2. That the Court award Howe its reasonable attorneys' fees in connection with this litigation pursuant to 17 U.S.C. § 505;

3. That the Court award Howe its costs in connection with this litigation under 17 U.S.C § 505; and

4. That the Court award Howe such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Howe demands a trial by jury on the First Cause of Action.

Dated:   November 5, 2025            Respectfully submitted,

**AESTHETIC LEGAL, A.P.L.C.**

By:  /s/ Matthew Swanlund
     MATTHEW SWANLUND

AESTHETIC LEGAL APLC
400 Corporate Pointe, Suite 300
Culver City, CA  90230
Telephone: 310.301.4545

Attorney for Defendant Stephen Howe