**LARRY J. CALDWELL, SBN 88867**
**CALDWELL LAW FIRM**
Larry.caldwell@caldwellfirm.net
1223 Wilshire Boulevard, 3517
Santa Monica, CA 90403
Telephone: (310)689-9769

Attorneys for Plaintiff
Rudolph Zahler

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RUDOLPH ZAHLER,
PKA RIZ STORY

Plaintiff,

vs.

STEPHEN HOWE; JON DAVISON; SONY MUSIC ENTERTAINMENT, A DELAWARE GENERAL PARTNERSHIP

**CASE NO.: 2:24-cv-09818-AH-E**

**EX PARTE APPLICATION TO APPROVE STIPULATION AND AUTHORIZE DEPOSIT OF SETTLEMENT PROCEEDS INTO COURT REGISTRY; MEMORANDUM OF POINTS AND AUTHORITIES**

[Submitted with Stipulation and proposed Order]

Honorable Anne Hwang, presiding

To the Honorable Anne Hwang, United States District Judge:

The parties to this action have entered into a Settlement Agreement. The amount of the settlement amount is confidential.

Zahler applies for an order approving the parties' stipulation and authorizing Stephen Howe to deposit the settlement payment into the Court registry under Federal Rule of Civil Procedure 67 and 28 U.S.C. §§ 2041–2042. The parties have settled this action.

The reason for the deposit is that nonparty Matthew Green has filed a Notice of Sale and Assignment [Dkt. 74] claiming a contractual interest in the settlement proceeds and requesting that the settlement payment be held in escrow and not distributed until this Court issuing an order directing how the settlement payment should be divided as between Zahler, his attorney, Larry J. Caldwell, and Green.

Zahler and Caldwell deny that Green is entitled to any portion of the settlement payment. Nevertheless, as an inducement for Defendants to go forward with and finalize the settlement, notwithstanding Green's notice of a purported claim, Zahler and Caldwell have agreed to defer receipt of their shares of the settlement payment until the dispute between them and Green has been resolved by the Court.

Neither Green, on the one hand, nor Zahler and Caldwell, on the other hand feel comfortable with the settlement payment being held in trust by the other side.

To facilitate resolution of the dispute by the Court, while safeguarding the settlement payment pending the Court's distribution order, Zahler and Defendants have entered into the attached Stipulation and [proposed] Order to deal with the situation.

The Court should enter the accompanying order so Howe can perform the payment term of the settlement, the fund can be preserved, and so Zahler can then request the Court to dismiss the action with prejudice as to all Defendants.

Zahler requests that the Court decide the application an expedited basis so that the Court can take this matter off its trial calendar and make room for other cases, and so that performance under the Settlement Agreement can happen promptly. And Zahler and Caldwell would like to receive their respective share of the settlement payment promptly.

As documented by the attached Stipulation and [proposed] Order, counsel for the parties successfully met and conferred in compliance with Local Rule 7-3 before the filing of this Ex Parte Application.

Dated: October 1, 2026

CALDWELL LAW FIRM
By: /s/ Larry J. Caldwell
Larry J. Caldwell,
Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. The settlement creates a fund whose custody must be resolved before dismissal.

The agreement became effective September 21, 2026. Paragraph 3.1 requires Howe to deposit a settlement payment into this Court's registry within 30 days after entry of an order authorizing deposit. Upon deposit, the agreement deems the defendants' payment obligation satisfied. Paragraph 3.6 calls for a stipulation dismissing the action within five days after deposit, with an order retaining jurisdiction to resolve competing claims to the deposited settlement payment and directing how it should be disbursed as between Zahler, Caldwell, and Green.

Green filed his Notice of Sale and Assignment on May 19, 2026. Dkt. 74. He claims to have acquired Caldwell's rights to contingent fees and requests that all future proceeds be paid directly to him, held in his trust account until "a distribution order issued by this court." Id. at 3. Exhibit A is a copy of that Notice.

Zahler and Caldwell dispute the validity and alleged scope of Green's entitlement claim. They reserve the legal and factual basis for their dispute of Green's claim for their Motion re Distribution of Settlement Funds which they plan to file promptly after the Court enters the requested Order authorizing resolution of the distribution dispute as the parties propose (if the Court enters the proposed Order).

### II. Rule 67 and the registry statutes authorize the requested deposit.

Rule 67(a) permits a party, on notice to every other party and by leave of court, to deposit money when the requested relief includes its disposition, whether or not the depositor claims an interest in it. Rule 67(b) directs that the money be deposited and withdrawn under 28 U.S.C. §§ 2041 and 2042. Section 2041 provides for payment into the registry; section 2042 requires a court order for withdrawal. The parties' stipulation, the identified competing claim, and the absence of any request to adjudicate distribution now make this an appropriate use of Rule 67. See Fed. R. Civ. P. 67(a)–(b); 28 U.S.C. §§ 2041–2042; C.D. Cal. L.R. 67-1.

The district court also has equitable authority to enforce a settlement of an action

pending before it. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987); *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). The present request implements the parties' agreed method of payment in this pending action. The proposed order leaves entitlement to the fund open.

Since Green is not a party, it is not necessary that he be a party to the stipulation nor that he receive notice of this Ex Parte Application. He does not have an enforceable lien on any of the settlement payment, such as judgment lien or other statutory or equitable lien. He merely attempting to assert an alleged contractual right through an informal "Notice" that is not even authorized by the Federal Rule of Civil Procedure or any other legal authority. Green just made up this Notice.

But Zahler will certainly give Green notice of the Order, ig entered by the Court. And, as discussed in the Stipulation and [proposed] Order, Zahler and Caldwell will serve their motion for distribution on Green in compliance with the notice requirements of the Local Rules.

**III. This Court has authority to authorize a noticed procedure to determine claims to the deposited settlement payment.**

Once deposited, the settlement payment will be in this Court's custody and withdrawable only by its order. The claimants' dispute concerns the settlement generated by this action, and a court may exercise ancillary jurisdiction over a money dispute sufficiently tied to litigation before it. *Curry v. Del Priore*, 941 F.2d 730, 731–32 (9th Cir. 1991); see also *O'Neill, Lysaght & Sun v. Ferrante*, 364 F.3d 1037, 1041–42 (9th Cir. 2004) (distinguishing a claim on an unrelated promissory note from a claim to fees in the underlying action).

Green, a stranger to the settlement agreement, has already voluntarily invited the Court to exercise jurisdiction over the dispute and him regarding entitlement to the settlement payment by requesting that a distribution order by "this court" be a condition to distribution of the settlement payment. Dkt. 74 at 3.

The requested order provides a full and fair opportunity for Green, Zahler, and Caldwell to present their respective positions regarding entitlement to the settlement payment in briefs, per a schedule in compliance with the Local Rules applicable to noticed motions.

The bankruptcy sale order attached to Green's Notice does not purport to give the Bankruptcy Court exclusive jurisdiction over interpretation and enforcement of the asset sale agreement that Green relies on. At the March 24, 2026 sale hearing in the Bankruptcy Court,

the presiding judge, the Honorable Neil Bason, addressed the task of separating rights existing on the petition date from compensation for later work. He stated that he did not see why the Bankruptcy Court "had to be the one to decide that." Judge Bason later explained that another court could make the separation, or he could do so if a matter were properly brought before him. Transcript of March 24, 2026 Hearing at 19:8–20, 33:18–25.

This Court can address claims to the settlement payment deposited here without altering the bankruptcy sale order. The statutory rule also distinguishes exclusive jurisdiction over the bankruptcy case itself from generally nonexclusive jurisdiction over bankruptcy-related civil proceedings. 28 U.S.C. § 1334(a)–(b). All arguments concerning what the sale conveyed, and what share of these proceeds belongs to any claimant, remain reserved. And there is nothing in the bankruptcy court's order that deprives the Court of jurisdiction to decide how the asset sale agreement approved by the bankruptcy court applies to the settlement payment, or whether it's even enforceable. (In this regard, Zahler and Caldwell contend that the agreement Green relies on is a "legal fee splitting" agreement that is not enforceable as matter of law under California law, including the California Rules of Professional Conduct, because Zahler, the client, did not authorize or consent to it.)

## IV. The limited order protects every claimant while allowing settlement to proceed.

The proposed order authorizes Howe to deposit the settlement payment in the Court registry; directs the Clerk to hold the proceeds pending further order; treats such deposition as payment performance by Howe under the settlement agreement; and establishes a procedure for the competing claims to the settlement payment to be determined in a regularly noticed and calendared motion. The Order does not determine how the settlement payment should be distributed.

Defendants' nonparticipation in that later dispute reflects the settlement agreement and the stipulation, subject to entry of the proposed order by the Court.

## V. Ex parte procedure and notice.

Counsel met and conferred concerning the requested deposit and distribution procedure and reached agreement as confirmed in the Stipulation and Proposed Order.

The written stipulation and separate proposed order are submitted for the Court's approval under Local Rule 7-1.

**CONCLUSION**

Zahler requests entry of the accompanying stipulated order.

Dated: October 1, 2026

CALDWELL LAW FIRM
By: /s/ Larry J. Caldwell
Larry J. Caldwell,
Attorney for Plaintiff

## PROOF OF SERVICE

On October 1, 2026, I served the

**(1) EX PARTE APPLICATION TO APPROVE STIPULATION AND AUTHORIZE DEPOSIT OF SETTLEMENT PROCEEDS INTO COURT REGISTRY; MEMORANDUM OF POINTS AND AUTHORITIES**

(2) STIPULATION

(3) [proposed] ORDER

On counsel for defendants through ECF.

I declare under penalty of perjury that the foregoing is true and correct, and that I executed this on October 1, 2026, in Santa Monica, California.

s/ Larry J. Caldwell